IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL FARRAR,                        )
                                       )
            Petitioner,                )
                                       )
v.                                     )   Case No. CIV-06-902-F
                                       )
UNITED STATES MARSHAL'S                )
SERVICE, *et al.*,                     )
                                       )
            Respondents.               )

## REPORT AND RECOMMENDATION

Mr. Michael Farrar seeks a writ of error coram nobis. For the reasons set forth below, the undersigned recommends dismissal of the petition without prejudice to the filing of a new action.

The Court ordered the Petitioner to pay the filing fee or to file a motion for leave to proceed *in forma pauperis* by October 2, 2006.[1]  In addition, the Court reminded the

---

[1]    Ordinarily a request for a writ of error coram nobis involves a step in existing criminal proceedings rather than an independent action. *See United States v. Morgan*, 346 U.S. 502, 506 n.4 (1954) (stating that a motion in the nature of a writ of error coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding" (citation omitted)); *Abel v. Tinsley*, 338 F.2d 514, 515 (10th Cir. 1964) ("Coram nobis is a step in the criminal case . . . ." (footnote omitted)); *see also McDonald v. United States*, 356 F.2d 980, 981 (10th Cir. 1966) (*per curiam*) (noting that the Tenth Circuit Court of Appeals has held that "procedurally coram nobis is a step in the criminal proceedings, while [28 U.S.C. §] 2255 is a separate and independent action"). If Mr. Farrar had filed the motion in an existing criminal action, he would have had no filing fee. *See United States v. Molina-Hernandez*, 2005 WL 3845351 (D. Kan. June 10, 2005) (unpublished op.) ("No filing fee is required for a petition for a writ of coram nobis in a criminal proceeding."). But instead of filing the petition in an existing criminal proceeding, Mr. Farrar initiated an independent action. Mr. Farrar's election to bring a separate action required payment of the filing fee under 28 U.S.C. § 1914(a). *See Hernandez v. Perrill*, 21 F.3d 1121, 1994 WL 95222, Westlaw op. at 2 (10th Cir. Mar. 24, 1994) (unpublished op.) ("At some point, courts should assume pro se plaintiffs know their own minds and

Petitioner that "[t]he failure to timely comply with this order [could] result in dismissal of this action, without further notice." Order to Cure Deficiency (Sept. 11, 2006).

The record reflects that as of the present date, the Petitioner has not paid the filing fee, filed a motion for pauper status, or requested an extension of time to comply with the deadline. In these circumstances, the undersigned recommends dismissal without prejudice. *See* LCvR 3.3(e).

The Petitioner is advised of his right to object to this report and recommendation by November 13, 2006. *See* LCvR 72.1(a). If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned in the present action.

---

refuse to recast pleadings to accomplish what the court construes the genesis of the action to have been, even if doing so is motivated by only the most benevolent of concerns."); *see also Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring) ("even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

Entered this 24th day of October, 2006.


_____
Robert E. Bacharach
United States Magistrate Judge